UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ___1:17 CV 20402_____

PEDRO LUIS ABEYTUA, REINALDO MUNIZ      )
VIERA, EDWIN RENDON ARANGO and all       )
others similarly situated under 29 U.S.C. 216 (b),   )
                                                     )
            Plaintiffs,                               )
                                                     )
    vs.                                               )
                                                     )
COMPLETE HIGHWAY IMPROVEMENT          )
INC., and LUIS EDGAR MORENO                )
                                                     )
            Defendants                                )
_____/

**COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATIONS**

    Plaintiffs  PEDRO LUIS ABEYTUA (herein "Abeytua"), REINALDO MUNIZ VIERA

(herein "Viera"), EDWIN RENDON ARANGO (herein "Arango"), and all others similarly

situated under 29 U.S.C.  216 (b) (collectively herein "Plaintiffs"), by and through undersigned

counsel, files this Complaint against Defendants, COMPLETE HIGHWAY IMPROVEMENT,

INC. (herein "CHI") and LUIS EDGAR MORENO (collectively herein "Defendants") and

alleges:

    1.   This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216

(herein "FLSA").

    2.   The Plaintiffs were residents of Highlands County, Florida at the time that this dispute

arose.

    3.   The Corporate Defendant CHI is a corporation that regularly transacts business within

Highlands County, Broward County, and other counties within the Southern District. Upon information and belief, CHI was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant LUIS EDGAR MORENO is a corporate officer and/or owner and/or manager of CHI who ran the day-to-day operations of CHI for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiff's employer pursuant to 29 U.S.C. § 203(d).

5. All acts or omissions giving rise to this dispute took place in Highlands County, Florida.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216 (B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three (3) years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to the FLSA 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a

rate not less than one and one-half times the regular rate at which he is employed."

9.  Plaintiff Abeytua, worked for Defendants as a handyman from on or about February 1, 2015 through December 20, 2015.

10. Between the period of on or about February 1, 2015 through December 20, 2015, Abeytua worked an estimated average of 144 hours per week for Defendants for the relevant time period stated above. The Plaintiff was compensated at a rate of $10.00 per hour for the hours worked per week and was not paid overtime for the hours worked in excess of forty (40) hours per week for the relevant time period as required by the FLSA.

11. Like Plaintiff Abeytua, Plaintiff Arango, worked as a handyman for the Defendants between on or about November 30, 2013 and December 16, 2015.

12. Between the period of January 30, 2014 and December 16, 2015, Arango worked an estimated average of 144 hours per week for Defendants for the relevant time period. From January 30, 2014 through December 20, 2014, Arango was compensated at a base rate of $8.00 per hour for hours worked per week. From December 20, 2014 through December 16, 2015, Arango was paid a base salary of $11.00 per hour for hours worked per week. Arango was not paid overtime for the hours worked in excess of forty (40) hours per week for the relevant time period as required by the FLSA.

13. Plaintiff Viera, worked as an employee of the Defendants between August 31, 2015 and December 8, 2015.

14. Between the period of August 31, 2015 and December 8, 2015, Viera was compensated at a weekly base rate of $10.00 per hour. Viera worked approximately 622 hours of payable time, of which it is estimated 130 hours were overtime. Viera was not paid overtime for the hours

worked in excess of forty (40) hours per week for the relevant time period as required by the FLSA.

15. Defendants' business activities involve those to which the FLSA applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period by virtue of the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job were moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the FLSA applies to Plaintiffs' work for the Defendants.

16. Additionally, Defendants regularly employed ten or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the FLSA.

17. Upon information and belief, CHI had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015 and 2016.

18. Upon information and belief, CHI's gross sales and business done are expected to exceed $500,000 for the year 2017.

19. Individual Defendant LUIS EDGAR MORENO was the individual employer of the Plaintiffs pursuant to 29 U.S.C. § 203(d) as set forth above.

20. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the FLSA as Defendants knew of the overtime requirements of the FLSA and

recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

WHEREFORE, Plaintiffs request double damages and reasonable attorneys fees from Defendants, jointly and severally, pursuant to the FLSA as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the FLSA along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs hereby request a trial by jury.*

Dated: January 30, 2017.

Respectfully submitted,

DEHGHANI LAW, P.A.
For the Plaintiffs
6625 Miami Lakes Drive, Suite 350
Miami Lakes, Florida 33014
Tel: (786) 264-5278
Fax: (786) 264-5279
Eservice: *service@dlawpa.com*

By: /S/ ALEX DEHGHANI, ESQ.
Alex Dehghani, Esq.
FBN: 0034216